UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOVA STEEL, INC.,

       Plaintiff,

Case No. 08-11033
Hon. Victoria A. Roberts

v.

ADF INTERNATIONAL, INC.

       Defendants.
_____

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

This matter is before the Court on Defendant ADF International Inc.'s ("ADF") Motion for Summary Judgment filed July 3, 2008.

**II.    STANDARD OF REVIEW**

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

1

The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III.   ANALYSIS

This action is one of several state and federal lawsuits centered around the construction of the Detroit Lions Stadium at Ford Field ("the Project"). This lawsuit concerns a subcontract ("Addendum No. 1") between ADF, Sova and Steelcon, Inc. ("Steelcon"), not a party to this action.

ADF argues that Sova's claims are barred by res judicata, citing as support this Court's decision in *ADF International, Inc. v. Steelcon, Inc.*, 409 F. Supp. 2d 836 (E.D. Mich. 2005). In *ADF International, Inc.*, this Court found that both parties were barred from relitigating issues that were already litigated in prior state court actions between Steelcon, ADF's surety, and the general contractor's sureties.

ADF argues that Sova is similarly barred by res judicata from raising its monetary claims here. ADF contends the state court action was brought to enforce Steelcon and Sova's rights under Addendum No. 1, and that here, Sova is seeking payment for sums included in Steelcon's request for damages and considered by the jury in the state court action. ADF attaches 13 exhibits in support of its Motion.

Sova denies that it is in privity with Steelcon and says it functioned as a separate entity on the Project. Sova also asserts that its claims were not presented by Steelcon in the state court actions; Sova says the sums it seeks here are for costs which exceeded the amounts of the Addendum No. 1 and were outside of the original scope of work for the Project, which were required to be and were not paid by ADF. Complaint, ¶

22.  Sova attaches 7 exhibits in support of its Response.  Sova contends that res judicata is entirely inapplicable.

The Court notes that Defendant has not answered the Complaint and this Motion is its first responsive pleading.  As evidenced by the number of documents attached by both parties, all of which raise factual questions on the issues presented, discovery will be necessary for the parties to present evidence to establish or refute one of the essential elements of Sova's cause of action or ADF's defense.

The Court finds that a genuine issue of material fact is presented on the question of whether Sova was in privity with Steelcon, such that its interests were adequately presented and protected by Steelcon in the prior state court actions.  Therefore, the Court cannot find as a matter of law that Sova's claims are barred by res judicata.

The Court DENIES Defendant's Motion for Summary Judgment.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

**Dated:  February 9, 2009**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 9, 2009.**

**s/Carol A. Pinegar**
**Deputy Clerk**

3